UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WHITE, | No. 2:14-cv-1293 DAD P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

    Plaintiff is an inmate at the Sacramento County Jail. He is proceeding pro se with a complaint under the Civil Rights Act, 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Although the federal rules adopt a flexible pleading policy, under Federal Rule of Civil Procedure 8(a)(2), a complaint must give fair notice to each defendant and must allege facts that support the elements of each claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.1984). In considering whether a complaint states a claim upon which relief can be granted, the court must accept its allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

In the complaint pending before the court plaintiff alleges that the only individual defendant,[1] a law librarian at the Sacramento County Jail, denied plaintiff materials he needed to

---

[1] The complaint also names Sacramento County and the Sacramento County Sheriff's Department as defendants.

file motions or other papers in cases that he had pending in state court.  It also alleges that the librarian blocked plaintiff's access to the court by sending plaintiff's papers to the wrong court department despite his explicit direction to send them to the department that he believed required them.

An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  This right requires state officials to "'assure indigent defendants an adequate opportunity to present his claims fairly.'"  Id. at 823 (citation omitted).  It includes reasonable access to materials for drafting submissions to the courts:  "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them."  Id. at 824-25.  A prisoner who claims that his right of access to the courts has been violated must allege facts showing:  (1) his access was so limited as to be unreasonable, and (2) the inadequate access caused actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot make conclusory declarations of injury to satisfy the second element, nor is enough simply to show some sort of denial by a prison official.  Instead the inmate must allege facts demonstrating that a non-frivolous legal claim was frustrated or impeded.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis v. Casey, 518 U.S. 343, 348 (1996).  Therefore,

> the inmate... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Id. at 351.

In this case, the complaint is vague as to the nature of the motions or other pleadings plaintiff needed to file in state court.  The allegations of the complaint do not clarify what the state court case was about, what claim or argument plaintiff needed or intended to make, whether plaintiff had the assistance of counsel, or, most importantly, how he suffered an "actual injury"

that harmed his standing in court or his ability to present his case according to the state court's schedule and procedural requirements.

Furthermore, the complaint does not ask for any relief that this court can give under 42 U.S.C. § 1983. The complaint seeks an order requiring the defendants to reveal the identity of someone plaintiff believes was behind the effort to block his access to the court; it also demands the librarian be "removed" and charged with an unspecified crime for her actions against the plaintiff. The identity of other people involved in an allegedly unconstitutional action may, under some circumstances, be information required in the discovery stage of litigation, but plaintiff is not there yet: first, he must state a viable claim with the factual specificity described above. Moreover, a federal court has no authority to order a public employee removed from her office, nor is a federal court empowered to charge anyone with a crime. Under § 1983, a federal court is authorized to award damages for a past violation or to issue an injunction to prevent another similar violation in the future. Other forms of equitable relief are available in limited circumstances, but none of what plaintiff seeks in his complaint's claim for relief is a valid type of recovery in this court.

In light of these pleading deficiencies, the court concludes that the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or brings a viable claim for relief. The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Because it does not comply with Rule 8(a)(2), the complaint must be dismissed. In the interests of justice, the court will grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege how he was deprived of federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must state in specific terms how each defendant was involved in the alleged deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of

that harmed his standing in court or his ability to present his case according to the state court's schedule and procedural requirements.

Furthermore, the complaint does not ask for any relief that this court can give under 42 U.S.C. § 1983. The complaint seeks an order requiring the defendants to reveal the identity of someone plaintiff believes was behind the effort to block his access to the court; it also demands the librarian be "removed" and charged with an unspecified crime for her actions against the plaintiff. The identity of other people involved in an allegedly unconstitutional action may, under some circumstances, be information required in the discovery stage of litigation, but plaintiff is not there yet: first, he must state a viable claim with the factual specificity described above. Moreover, a federal court has no authority to order a public employee removed from her office, nor is a federal court empowered to charge anyone with a crime. Under § 1983, a federal court is authorized to award damages for a past violation or to issue an injunction to prevent another similar violation in the future. Other forms of equitable relief are available in limited circumstances, but none of what plaintiff seeks in his complaint's claim for relief is a valid type of recovery in this court.

In light of these pleading deficiencies, the court concludes that the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or brings a viable claim for relief. The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Because it does not comply with Rule 8(a)(2), the complaint must be dismissed. In the interests of justice, the court will grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege how he was deprived of federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must state in specific terms how each defendant was involved in the alleged deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of

official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is further advised that the court cannot refer to prior pleadings in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

Finally, plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court does not find any exceptional circumstances here. Therefore, plaintiff's requests for the appointment of counsel will be denied.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, filed May 27, 2014, is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

3. The Clerk of Court is directed to send plaintiff the court's form for filing a complaint under 42 U.S.C. § 1983.

4. Plaintiff's motion to proceed in forma pauperis (Docket No. 4) is granted. The prior motion to proceed in forma pauperis (Docket No. 2) is denied as moot.

5. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $5.00. All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff's Department filed concurrently herewith.

6. The motions for appointment of counsel (Docket Nos. 7 and 8) are denied.

Dated: August 13, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
whit1293.screen